THIS ORDER IS A
PRECEDENT OF THE TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

RK

February 21, 2020

Cancellation No. **92073144**

*Cloudworks Consulting Services Inc.*

*v.*

*Ongoing Operations, LLC[1]*


**Yong Oh (Richard) Kim, Interlocutory Attorney:**

The petition for cancellation was filed on December 31, 2019.[2] The petition discloses that Petitioner is domiciled outside of the United States in Toronto, Canada, and is solely represented by a Canadian "Attorney/Agent".[3] Effective August 3, 2019, the United States Patent and Trademark Office ("USPTO" or "Office") amended its rules to require applicants, registrants, or parties to a proceeding before the Trademark Trial and Appeal Board ("the Board") whose domicile is not located within the United States or its territories to be represented by an attorney who is an active member in good standing of the bar of the highest court of a state in the United States, or the District of Columbia, or any Commonwealth or territory of the United States.

---

[1]  The notice of appearance filed on February 14, 2020, on behalf Respondent is noted and entered into the proceeding.

[2]  Respondent's answer to the petition is noted. 2 TTABVUE.

[3]  1 TTABVUE 4 and 10.

*See Requirement of U.S. Licensed Attorney for Foreign Trademark Applicants and Registrants*, 84 Fed. Reg. 31498 (July 2, 2019), and Trademark Rule 2.11, 37 C.F.R. § 2.11; *see also* Patent and Trademark Rules 11.1 and 11.14, 37 C.F.R. §§ 11.1 and 11.14. This requirement is not satisfied if a party, like Petitioner, is represented by a foreign attorney or agent, even if that attorney or agent has been granted reciprocal recognition by the USPTO pursuant to Patent and Trademark Rules 11.14(c) and (f), 37 C.F.R. §§ 11.14(c) and (f).[4] A reciprocally recognized attorney or agent may only appear as an **additionally appointed** practitioner. A qualified attorney licensed to practice law in the United States, or in any Commonwealth or territory of the United States, must **still** be appointed as the party's representative who will file documents with the Board and with whom the Board will correspond.[5] *See* Patent and Trademark Rule 11.14(c)(2), 37 C.F.R. § 11.14(c)(2).

Petitioner is represented by Canadian attorney/agent John H. Simpson. As of February 6, 2020, Mr. Simpson is listed on the Office of Enrollment and Discipline's

---

[4] Patent and Trademark Rule 11.14(c)(1) provides: "Any foreign attorney or agent not a resident of the United States who shall file a written application for reciprocal recognition under paragraph (f) of this section and prove to the satisfaction of the [Office of Enrollment and Discipline] Director that he or she is a registered and active member in good standing before the trademark office of the country in which he or she resides and practices and possesses good moral character and reputation, may be recognized for the limited purpose of representing parties located in such country before the Office in the presentation and prosecution of trademark matters, provided: the trademark office of such country and the USPTO have reached an official understanding to allow substantially reciprocal privileges to those permitted to practice in trademark matters before the Office."

Currently, only Canadian attorneys and agents are reciprocally recognized under this rule and, in accordance therewith, any representation must be limited to parties located in Canada.

[5] As an additionally appointed practitioner, the attorney or agent remains authorized to prepare and sign Board filings and to communicate with Board personnel by telephone or email.

roll of recognized Canadian Trademark Agents. Thus, while Petitioner may appoint Mr. Simpson as an authorized representative before the USPTO, Petitioner must also appoint a qualified attorney licensed to practice law in the United States, or in any Commonwealth or territory of the United States, to represent it and file all documents with the Board in this proceeding.

Petitioner is allowed until **THIRTY (30) DAYS** from the mailing date of this order to appoint United States counsel, failing which the Board may issue an order to show cause why the petition for cancellation should not be dismissed based on Petitioner's failure to appoint United States counsel as required by Trademark Rule 2.11(a).

Proceedings are otherwise **SUSPENDED**.

* * *